[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties married on October 5, 1991 at Naugatuck, Connecticut. They have resided in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties lived together for approximately 3 1/2 years. CT Page 166-A They have been separated and have lived apart for the past two years. There are no children of this marriage. Both parties are employed. The plaintiff husband earns a net of approximately $423.48 per week (adding in his 401K deduction) The wife earns approximately $190 per week plus occasional child support of $40 per week for her two children from a previous marriage. The defendant expects a promotion in her present job. Although she always worked two jobs, she is only working one job due to a motor vehicle accident.
There are no assets of this marriage other than the defendant's pension of $2898.54 which is not vested. The plaintiff has been employed at his present job for only three years.
The parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The parties were at odds over alimony and counsel fees. The plaintiff husband agreed to pay all the debts on his affidavit totaling $11,758 and including a Sears bill of $2794 which included some of the defendant's charges.
The following orders shall enter: CT Page 166-B
ALIMONY
The plaintiff shall pay to the defendant as alimony the sum of $50 per week for a period of 78 weeks. Said alimony shall be non-modifiable as to term and amount.
DEBTS
1. The plaintiff shall pay the debts as listed on his financial affidavit and shall hold the defendant harmless therefrom.
2. The defendant shall be responsible for the debts as listed on her financial affidavit and shall hold the plaintiff harmless.
COUNSEL FEES
Each party shall be responsible for their respective attorney's fees.
MISCELLANEOUS
Each party shall retain the assets presently in their CT Page 166-C respective names and possession, including the pension to the plaintiff and the personal injury case to the defendant.
Coppeto, J.